ADRINE *v.* GAINES, JUDGE.

(No. 36816—Decided April 13, 1982.)

Court of Common Pleas of
Cuyahoga County.

*Mr. Ronald B. Adrine, pro se.*
*Mr. Clarence L. Gaines, pro se.*

FRIEDMAN, J. This case comes before the court on a "Stipulated Statement of Law, Fact and Argument" submitted by both parties.

Plaintiff, Ronald B. Adrine, is presently a judge seated in the Cleveland Municipal Court. He was elected to such position on November 3, 1981, for a six-year term to commence on January 1, 1982. He is contesting his ineligibility to vote in an election held among the then sitting Cleveland Municipal Court judges on December 16, 1981 to elect an administrative judge for a one-year period commencing January 1, 1982. This election was conducted pursuant to Rule 2(A) of the Rules of Superintendence for Municipal Courts and County Courts, as promulgated by the Ohio Supreme Court. This rule provides as follows:

"Selection and term. In every multi-judge court, the judges of the court shall, by majority vote, elect one of their number as administrative judge. An administrative judge shall be elected annually by each multi-judge court and an incumbent administrative judge may be re-elected to consecutive terms. * * *"

Clearly, the language of the statute mandates that the "judges" of the court elect the administrative judge. A "judge" is defined as "[o]ne who publicly is charged with and performs judicial functions; one who presides at the trial of causes involving justiciable matters in which the public at large is interested." Ballantine's Law Dictionary (1948). As a "judge-elect" — even a "judge-elect" who, as a matter of comity, has been sworn in early as was plaintiff here — is not vested with the power to perform judicial functions as described above until the term for which he was elected commences, he cannot be a "judge" for purposes of electing an administrative judge under M.C. Sup. R. 2(A).

Plaintiff argues that it is unconscionable to thus deprive him of this means of input into the municipal court's administration for one-sixth of his term. However, plaintiff will in fact have a full six years of voting because in the last year of his term, he will be eligible to elect the administrative judge for the upcoming calendar year even though he may then no longer be on the bench. Thus, while the December election device may appear arbitrary, it is not, in this court's view, unreasonable.

Accordingly, judgment is entered for the defendant.

*Judgment for defendant.*